**The LUNDY PACKING COMPANY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 13769.**

United States Court of Appeals, Fourth Circuit.

Argued Feb. 3, 1970.

Decided Feb. 6, 1970.

Arsenia C. MENDEZ, Administratrix of the Estate of Domingo Mendez, Deceased,

v.

STATES MARINE LINES, INC. and Ocean Freighting and Brokerage Corporation,

States Marine Lines, Inc., Appellant in No. 17,995,

Ocean Freighting and Brokerage Corporation, Appellant in No. 17,996.

Nos. 17995 and 17996.

United States Court of Appeals, Third Circuit.

Argued Dec. 19, 1969.

Decided Feb. 4, 1970.

Newman A. Townsend, Jr., Raleigh, N. C. (Thomas L. Norris, Jr., and Poyner, Geraghty, Hartsfield & Townsend, Raleigh, N. C., on brief) for appellant.

Carolyn R. Just, Atty., Dept. of Justice (Johnnie M. Walters, Asst. Atty. Gen., Meyer Rothwacks and Loring Post, Attys., Dept. of Justice, and Robert H. Cowen, U. S. Atty., on brief) for appellee.

Before BRYAN, WINTER and CRAVEN, Circuit Judges.

PER CURIAM:

This appeal presents the single question of the time of deductibility by an employer of amounts it accrued to pay "sick benefits" * to its employees—the date of accrual or the date of payment to the employee. The district judge, after full trial, found the latter date. On review, we find no factual or legal error. We affirm on the opinion of the district judge. Lundy Packing Company v. United States, 302 F.Supp. 182 (E.D. N.C.1969).

Affirmed.

---

* While benefits to employees were denominated "sick benefits," they were paid not only for sickness but also in the event of retirement, death or termination of employment. As a consequence, the "sick pay plan" was treated by IRS and the district court as being, in part, a deferred compensation plan so that the deductibility of amounts accrued thereunder was governed by § 404 of the Internal Revenue Code of 1954, rather than § 162.