**PRESTO PRODUCTS, INCORPORATED**

v.

**UNITED STATES of America.**

**Civ. A. No. C82–2851A.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Sept. 29, 1983.

Michael L. Pashos, Atlanta, Ga., for Presto Products, Inc.

Victoria J. Sherlock, Atty., Tax Division, Dept. of Justice, Washington, D.C., Jere W. Morehead, Asst. U.S. Atty., Atlanta, Ga., for U.S.

## ORDER

TIDWELL, District Judge.

The above-styled suit for refund of federal income taxes previously paid by the plaintiff is presently before the court on the parties' cross-motions for summary judgment. The following facts have been stipulated by the parties:

1. The plaintiff, Presto Products, Incorporated, is a wholly-owned subsidiary of The Coca-Cola Company, whose principal place of business is 310 North Avenue, Atlanta, Fulton County, Georgia.

2. Plaintiff seeks to recover from the United States the sum of $23,166.00 for its taxable year ended September 30, 1974, $35,295.00 for its taxable year ended September 30, 1975, and $49,269.00 for its taxable year ended September 30, 1976, for a total of $107,730.00 plus assessed interest and such additional interest thereon as provided by law.

3. Plaintiff timely filed its federal income tax returns for its fiscal years ending September 30, 1974, September 30, 1975, and September 30, 1976, the taxable years in question, with the Internal Revenue Service Center in Kansas City, Missouri and paid the income taxes shown to be due on said returns.

4. Plaintiff's taxable income shown on such income tax returns for the taxable years in question was computed under the accrual method of accounting.

5. Plaintiff's tax returns for the taxable years in question included deductions, in computing its taxable income, under Sec-

tions 162 and 461 of the Internal Revenue Code of 1954 (the "IRC") for amounts representing accrued benefits payable under plaintiff's Merit Sick Leave Plan (the "Plan").

6. Plaintiff first adopted a sick leave policy in April, 1973, which was later formalized on May 25, 1973, as the Plan. To initiate the Plan, all hourly factory employees with one or more years of service were credited with four sick leave days. These four days, however, were treated as earned only in the third year of the Plan.

The Plan provided that a full-time employee would earn four hours of sick leave for each month of absence-free attendance, up to four days a year, beginning on the first of the month following the date of hire. A bonus day was granted for twelve months of absence-free attendance. This earned sick leave could be used only after one year of employment at the rate of one-half day at a time for illness of one week or longer under doctor's supervision or two consecutive days (once per year) for minor illness with a doctor's excuse or verification by the industrial nurse. Absence-free attendance was defined as perfect attendance except for death in the immediate family, military leave, jury duty or vacation time.

If the employee terminated employment, the employee would be paid for accrued but unused sick leave, provided the employee had completed one full year of employment. If the employee had accumulated twenty days of sick leave, additional sick leave earned could be converted to non-sick related leave.

The Plan was amended on April 1, 1975, to provide for the accrual of sick leave by hourly office employees. On July 21, 1975, the Plan was again amended to provide for the accrual of sick leave at the rate of four hours for each of the twelve calendar months. Thus, a maximum of six days of sick leave per year could be accumulated under the amended Plan, for both factory and office hourly employees.

7. Under plaintiff's Plan, a participant's right to sick leave benefits becomes vested at the end of each Plan year, if that employee has completed one full year of employment as of that date.

The amount of liability is also determinable with accuracy as of the close of each Plan year since the total amount of sick leave payable becomes fixed.

8. Amounts accrued under plaintiff's Plan are not deposited in a separately maintained fund but are retained in plaintiff's general accounts.

9. Sick leave benefits payable under the Plan are not included in an employee's wages until actually paid to the employee.

10. Accrued benefits paid to employees under the Plan upon retirement or termination are based on the employee's hourly wage or salary.

11. Following an audit of plaintiff's returns for the years in question, the Commissioner of Internal Revenue determined that plaintiff was liable for additional income taxes based, in part, on the disallowance of plaintiff's deductions for amounts accrued under the Plan, but not actually paid to employees during the year of accrual.

12. On or about March 6, 1978, the plaintiff paid the following amounts of additional income taxes, plus assessed interest thereon, for the taxable year in question:

| Year | Tax |
|------|-----|
| 9/30/74 | $23,166.00 |
| 9/30/75 | 35,295.00 |
| 9/30/76 | 49,269.00 |
| TOTAL | $107,730.00 |

13. On December 19, 1978, the plaintiff timely filed with the Internal Revenue Service Center in Kansas City, Missouri, Claims for Refund of taxes on Internal Revenue Service Form 1120X seeking the refund of taxes, assessed interest and such additional interest thereon as provided by law, for the taxable years in question in the amounts set forth in paragraph 12 above.

14. By letter dated December 18, 1980, the Commissioner of Internal Revenue denied plaintiff's Claims for Refund.

15. On or about December 15, 1982, the plaintiff timely commenced this civil action

under 26 U.S.C. § 7422 and 28 U.S.C. § 1346 seeking refund of the taxes and interest as set forth in paragraph 2 above.

The issue before the court is whether amounts accrued under plaintiff's sick leave plan are ordinary and necessary business expenses deductible when accrued under 26 U.S.C. §§ 162(a) and 461 or whether these amounts are subject to the restrictions imposed by 26 U.S.C. § 404(a)(5), providing for a deduction only in the taxable year when actually paid. Section 162(a) provides, in pertinent part, that "[t]here shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business...." Section 461(a) provides that "[t]he amount of any deduction or credit allowed by this subtitle shall be taken for the taxable year which is the proper taxable year under the method of accounting used in computing taxable income." Defendant contends, however, that although accruals under the Plan are ordinary and necessary business expenses, the sick leave plan is actually a deferred compensation plan controlled by Section 404 of the IRC, specifically Section 404(a)(5) which permits deductions under such plans only when the amounts are actually paid by the employer and not when they are merely accrued.

This precise issue was addressed in the case of *Lundy Packing Co. v. United States,* 302 F.Supp. 182 (D.N.C.1969), *aff'd per curiam,* 421 F.2d 850 (4th Cir.1970), which held that amounts accrued under a similar sick pay plan were not properly deductible at the time of accrual. The court notes that the continuing vitality of the *Lundy* case was recognized by the United States Court of Claims in *Zwicker Knitting Mills v. United States,* 80–2 U.S.T.C. ¶ 9832 (Ct.Cl. 1980). This court adopts the reasoning expressed in the *Lundy* opinion and concludes that the Plan presently under consideration is in the nature of a deferred compensation plan in that it assures all employees additional compensation regardless of sickness and defers that compensation until a later date, and because the amounts accrued under the Plan are not set aside in a separate fund or trust account, and thus the plaintiff has the benefit of these funds until paid. The court notes that this latter factor distinguishes the plaintiff's Plan from the plan involved in *Greensboro Pathology Associates, P.A. v. United States,* 698 F.2d 1196, 51 AFTR 2d 83–564 (Fed.Cir.1982), the case principally relied upon by the plaintiff. Accordingly, the court concludes that deductibility is controlled by Section 404 and therefore defendant's motion for summary judgment is granted and sustained while plaintiff's motion for summary judgment is overruled and denied.